IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CENTRIA, a partnership, )
)
        Plaintiff, )
)
    vs. ) Civil Action No. 05-941
)
PCC CONSTRUCTION COMPONENTS, )
INC., )
)
        Defendant. )

MEMORANDUM ORDER

I

In summary, the complaint in this diversity action alleges the following facts:

(1) Plaintiff, Centria, is a manufacturer of metal building products and systems with a place of business in Moon Township, Allegheny County, Pennsylvania;

(2) Defendant, PCC Construction Components, Inc., is a contractor with a principal place of business in Gaithersburg, Maryland;

(3) On March 16, 2004, the parties entered into an agreement pursuant to which defendant agreed to pay plaintiff the sum of $105,000 for building materials supplied to defendant by plaintiff for construction projects described as Devilbliss and Dulles Town Center;[1] and

---

1. The complaint does not identify the location of the Devilbliss and Dulles Town Center construction projects. However, defendant
(continued...)

(4) Defendant made payments to plaintiff totaling $26,000 pursuant to the March 16, 2004 agreement; however, since mid-2004, defendant has failed to make any scheduled payments.[2]

Plaintiff asserts claims against defendant for breach of contract, breach of the implied covenant of good faith and fair dealing and unjust enrichment.

II

Defendant has filed a motion to dismiss for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2). With respect to general jurisdiction, defendant notes that plaintiff's complaint fails to allege "continuous and systematic contacts" between defendant and the Commonwealth of Pennsylvania. Therefore, defendant contends that this Court lacks general jurisdiction over it.[3] As to specific jurisdiction,[4] defendant

---

(...continued)
has represented to the Court that neither project was located in Pennsylvania. (Df's Brief in Supp., p. 1 n.1).

2. The parties' March 16, 2004 agreement provided for monthly payments to plaintiff by defendant in the minimum amount of $7,500. In the event of default, the agreement provided that defendant would be liable to plaintiff for interest on the unpaid balance. (Complaint, Exh. A).

3. "General jurisdiction is invoked when the plaintiff's cause of action arises from the defendant's non-forum related activities." To establish general jurisdiction, the plaintiff must show that the defendant has maintained "continuous and systematic" contacts with the forum. See Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co., 75 F.3d 147, 151 n.3 (3d Cir.1996) (citations omitted).

4. "Specific jurisdiction is invoked when the cause of action arises from the defendant's forum related activities," such that
(continued...)

contends that the allegations in the complaint concerning plaintiff's supply of materials to defendant, the parties' March 16, 2004 agreement and defendant's payments to plaintiff pursuant to the March 16th agreement are insufficient to show that defendant purposefully availed itself of the privilege of doing business in Pennsylvania. Thus, defendant maintains that this Court also lacks specific jurisdiction over it.

In response to defendant's motion to dismiss, plaintiff asserts that the Court has jurisdiction over defendant "by virtue of the fact that [defendant] was a dealer of [plaintiff's] material." (Pl's Answer to Motion, ¶ 3). Nevertheless, plaintiff has chosen not to oppose defendant's motion to dismiss. Instead, pursuant to 28 U.S.C. § 1404(a), or, in the alternative, pursuant to 28 U.S.C. § 1406(a), plaintiff moves for the transfer this action to the United States District Court for the District of Maryland "to obviate any protracted dispute over jurisdiction and in recognition that [defendant's] principal place of business is in the State of Maryland."[5] (Pl's Brief in Supp., p. 2).

---

(...continued)
the defendant "should reasonably anticipate being haled into court there." See Vetrotex, 75 F.3d at 151 (citations omitted).

5. Sections 1404(a) and 1406(a) of Title 28 of the United States Code provide:

### § 1404. Change of venue

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have
(continued...)

Defendant opposes plaintiff's motion to transfer this action to the District of Maryland. Although defendant concedes that the Court may transfer an action to another district even in the absence of personal jurisdiction, defendant contends that a transfer of this case would not be in "the interest of justice." (Df's Brief in Opp., p. 2). Specifically, defendant contends that "[plaintiff] should not be rewarded for its decision to file this action here by a transfer when it knew, or reasonably should have known, that there was no basis for personal jurisdiction in Pennsylvania." (Df's Brief in Opp., pp. 4-5).

After consideration, the Court finds defendant's argument in opposition to plaintiff's motion to transfer this action to the District of Maryland unpersuasive. First, no evidence has been submitted by defendant to support the claim that plaintiff intentionally filed this action in the wrong district. Second, it is not clear that the Court does, in fact,

---

(...continued)
   been brought.

\*   \*   \*

### § 1406. Cure or waiver of defects

   (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

\*   \*   \*

lack specific jurisdiction over defendant.[6]  In support of its motion to dismiss for lack of specific jurisdiction, defendant relies heavily on the decision of the United States Court of Appeals for the Third Circuit in <u>Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co.</u>, 75 F.3d 147 (3d Cir.1996), affirming the district court's determination that a California buyer of fiberglass product was not subject to personal jurisdiction in Pennsylvania.  However, the facts presented to the Third Circuit in <u>Vetrotex</u> are distinguishable from the facts presented in this case.  For example, the plaintiff in <u>Vetrotex</u> did not ship any product to the California buyer from Pennsylvania.  Rather, the product was manufactured in Texas and shipped directly to the buyer in California.  Moreover, the California buyer was invoiced by the plaintiff's California office, and the California buyer made all payments for goods to the plaintiff's California office.  Under the circumstances, the Court concludes that the interest of justice does not compel the denial of plaintiff's motion to transfer this action to the District of Maryland.

Based on the foregoing, defendant's motion to dismiss will be denied, and plaintiff's motion to transfer this action to

---

6. Similarly, in light of plaintiff's claim that defendant was a dealer of its building materials, it is not clear that the Court lacks general jurisdiction over defendant. However, based on plaintiff's decision not to oppose defendant's motion to dismiss, this issue cannot be resolved.

the United States District Court for the District of Maryland will be granted.

AND NOW, this 7th day of December, 2005, IT IS SO ORDERED.

_____
William L. Standish
United States District Judge


cc: Hunter A. McGeary, Jr., Esq.
    508 Walnut Road
    Pittsburgh, PA 15202
    Email:

    Matthew L. Kurzweg, Esq.
    707 Grant Street
    34th Floor, Gulf Tower
    Pittsburgh, PA 15219
    Email: MKURZWEG@KURZWEGLAW.COM